IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JASON SMITH,

Defendant.

**4:22CR3088**

ORDER FOR THE PROGRESSION OF
A CRIMINAL CASE

**Judge John M. Gerrard**

Upon arraignment of defendant this date and the entry of a plea of not guilty,

IT IS ORDERED:

1. **Trial** of this case is set to commence before the Honorable John M. Gerrard at 9:00 a.m. on September 19, 2022 or as soon thereafter as the case may be called, for a duration of 3 trial days, in Lincoln, Courtroom #1.  Jury selection will be held at commencement of trial.

2. **Discovery**.  Within fourteen (14) days of this date, counsel shall confer and accomplish discovery in accordance with NECrimR 16.1 and  Fed.R.Crim.P. 16. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

3. **Motions; Prerequisites**.  The filing, briefing, and hearing of pretrial motions, including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5.

   a.    Motions shall be filed on or before August 22, 2022.

   b.    In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, including Brady material, as part of the motion the moving party shall recite that counsel for the movant has spoken with opposing counsel regarding the subject of the motion in an attempt to reach agreement without

the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of any such conferences.

c.      If request has been made for an evidentiary hearing, a request for leave to file a post-hearing brief may be filed either with the request for evidentiary hearing, or, by a non-moving party, within five days thereafter. A request for post-hearing briefs shall set forth the specific reasons the requesting party cannot be expected to argue its position before the hearing. Post-hearing briefs will not generally be permitted unless the facts are so complex as to require them, or the evidence adduced at the hearing is so different from that expected to be adduced that it triggers different law, the applicability of which could not have been anticipated by the parties before the hearing.

4. **Settlement**. If plea negotiations are to be instituted, they shall be concluded and advice thereof given to the trial judge not less than one week prior to trial.

5. **Sealed filings**. Financial affidavits, pretrial services reports, the court's statement of reasons for sentencing, presentence investigation reports, sentencing recommendations, and other sentence-related motions will be filed under seal.

In addition, on motion presented to the court during a hearing for entry of a plea of guilty, for the reasons explained in General Order 2018-2, the court may order portions of any plea agreement to be filed under seal. If the motion is granted, the motion to seal, order granting the motion, and the sealed portion of the plea agreement will be filed in a separate and sealed docket of the court.

6. **CJA Vouchers**. Applications or vouchers pursuant to the Criminal Justice Act ("CJA") for authorization to hire third parties, to exceed the CJA spending limits, or for the expenditure of CJA funds shall be submitted on an appropriate CJA form available from the Clerk's office and supported by a statement of:

(a)     The name, address and telephone number of the person sought to be hired (if applicable);

(b)     A specific statement of the amount sought and the method of computing it;

(c)     A statement of the factual and legal bases supporting the request, including specific argument for exceeding the CJA's limits.

7. **Speedy Trial Act.** The prosecuting attorney to whom this case is assigned shall advise the court, by letter to the undersigned, at such time as the Speedy Trial Act

requires that the trial of this case be scheduled within ten days, if trial is not then scheduled to begin within the period allowed by the Speedy Trial Act and no exceptions have tolled the Act's time limitations.  Such notification shall set forth the number and dates of the days elapsed and days remaining under the Speedy Trial Act as applied to the events of this case.

8. The defendant shall be present at all pretrial arguments or hearings unless excused by the court, and if permission is sought to be absent, the defendant shall deliver to the court in advance an affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend such argument or hearing.


DATED this 22nd day of July, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge