IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3088 |
| vs. | MEMORANDUM AND ORDER |
| JASON SMITH, | |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 47) to the Magistrate Judge's findings and recommendation (filing 34) recommending denial of the defendant's motion to suppress (filing 21). The Court will overrule the objection, adopt the findings and recommendation, and deny the motion.

The nature of the defendant's objection is somewhat unusual. The defendant was arrested after a traffic stop in June 2022: The defendant was stopped for speeding, the officer grew suspicious and extended the stop for a dog sniff, the dog alerted, and methamphetamine was found in the car. *See* filing 39 at 16-38. The defendant's motion to suppress challenged the initial traffic stop, questioning of the defendant, the extended detention, and the dog sniff. *See* filing 22 at 2-5.

But by the time of the evidentiary hearing, the issue had been narrowed to whether there was reasonable suspicion to extend the defendant's detention to allow for the dog sniff. *See* filing 39 at 3. The Magistrate Judge found that there was reasonable suspicion to believe that the defendant was engaged in criminal activity, and also that the drug dog arrived within 17½ minutes of the start of the traffic stop, so the stop hadn't been unreasonably delayed in any

event. *See* filing 39 at 81. Accordingly, the Magistrate Judge recommended denial of the motion to suppress. Filing 34.

The defendant doesn't challenge those findings. *See* filing 47; filing 48. That's because the defendant's *current* counsel wasn't his counsel at the hearing on his motion to suppress: After that hearing, the defendant asked the Magistrate Judge to appoint new counsel, in part because the defendant claimed that "a key factor wasn't brought up during this hearing [that the defendant] wished to be addressed." Filing 37. After "much discussion," *see* filing 41, the Court granted the motion for new counsel.

The "key factor" the defendant apparently wanted to raise was whether he had, in fact, been speeding when he was first pulled over by law enforcement. *See* filing 48 at 3. He wanted to present evidence from his Waze app to show that he hadn't been speeding, and to argue that the trooper's radar measurement of his speed was unreliable because there were other vehicles in his vicinity. *See* filing 48 at 3. He even suggests counsel was constitutionally ineffective for failing to adduce that evidence. Filing 48 at 6-7. So, what the defendant wants—through his replacement counsel—is another bite at the apple. He asks the Court to remand this matter to the Magistrate Judge so she can take more evidence relevant to the initial traffic stop. *See* filing 48 at 7.

There are two problems with that, and the first is procedural. When a Magistrate Judge makes findings and recommendations and a party objects to them, the Court may receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1)(C). But the objecting party may not offer additional evidentiary materials without a court order, and a supplemental hearing requires the objecting party to show "good cause why the evidence was not presented to the magistrate judge." NECrimR 59.2(b).

Good cause hasn't been shown here—the evidence at issue was available to the defendant the entire time. The only basis he offers for excusing his default is alleged ineffective assistance of counsel. *See* filing 48 at 6. But the *argument* he makes in support of that simply explains what the defendant wanted done, and asserts that "had his attorney adduced such evidence, it would have shown that he was not in fact speeding." Filing 48 at 6.

And that brings the Court to the second problem with the defendant's objection: The issue isn't whether he was speeding. It doesn't matter whether he was speeding. A traffic stop is a reasonable seizure if it's supported by either reasonable suspicion or probable cause. *United States v. Allen*, 43 F.4th 901, 907 (8th Cir. 2022). A determination that reasonable suspicion exists needn't rule out the possibility of innocent conduct. *Clinton v. Garrett*, 49 F.4th 1132, 1140 (8th Cir. 2022). In other words, even if the defendant wasn't *actually* committing a traffic infraction, the stop is reasonable if the officer could have *reasonably believed* he was committing a traffic infraction. *See United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999).

So, the defendant's offer to prove that he wasn't actually speeding is beside the point. The government presented evidence of both the trooper's visual estimate of the defendant's speed and the radar measurement of that speed. *See* filing 39 at 16. Perhaps other vehicles in the defendant's area could have confused the trooper's radar, but that falls short of showing that the trooper's observations didn't at least provide reasonable suspicion for the stop.[1]

That finding has both procedural and substantive implications. Procedurally, it refutes the defendant's claim that he received ineffective assistance of counsel.

---

[1] And, the Court notes, the defendant also admitted that he had been driving at 83 miles per hour. Filing 39 at 16; filing 31 ex. 6 at 2:20-2:30.

> A claim of ineffective assistance of counsel has both a performance prong and a prejudice prong. The performance prong requires the claimant to overcome a strong presumption that counsel's representation was within the wide range of reasonable professional assistance by showing that counsel's performance not just deviated from best practices but amounted to incompetence. The prejudice prong requires the claimant to demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Dorsey v. Vandergriff*, 30 F.4th 752, 757 (8th Cir. 2022) (cleaned up). The defendant hasn't shown his previous counsel performed incompetently—nor shown that he was prejudiced—as a result of counsel's failure to present evidence that would have been insufficient to rebut the government's showing of *reasonable suspicion* to initiate a traffic stop. Without ineffective assistance of counsel, the defendant hasn't shown any cause to reopen the record. *See* NECrimR 59.2(b).

And substantively, of course, the defendant hasn't demonstrated any error in the Magistrate Judge's findings or recommendation. The Court need not remand this matter to the Magistrate Judge for additional evidence that, even if it proved *exactly* what the defendant says it would, wouldn't undermine the conclusions that the Magistrate Judge already reached. Accordingly, on the Court's *de novo* review of the record, *see* § 636(b)(1)(C),

IT IS ORDERED:

1. The defendant's objection (filing 47) is overruled.

- 5 -

2. The Magistrate Judge's findings and recommendation (filing 34) are adopted.

3. The defendant's motion to suppress (filing 21) is denied.

Dated this 1st day of February, 2023.

                BY THE COURT:

                *John M. Gerrard*
                John M. Gerrard
                United States District Judge