IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3088 |
| vs. | ORDER |
| JASON SMITH, | |
| Defendant. | |

    This matter is before the Court on a letter from the defendant (filing 88) that the Court has filed as a motion asking the Court for credit against his sentence for time served. It appears that the Bureau of Prisons is not crediting time against his federal sentence that had originally been applied to a California state prosecution. *See* filing 88.

    The Court must, however, deny the defendant's request. The Court can only *recommend* credit for time served, and is not authorized to *award* credit at sentencing. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 332-35 (1992). The Attorney General, through the Bureau of Prisons, has the exclusive authority to compute and apply credit for time served. *Wilson*, 503 U.S. at 335.

    If the defendant has a remedy, it cannot be found in this Court. The defendant must, first, exhaust his administrative remedies with the Bureau of Prisons. *Wilson*, 503 U.S. at 335; *see United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000); *see also* 28 C.F.R. §§ 542.10 *et seq.* Only after exhausting their administrative remedies may prisoners seek judicial review. *See Wilson*, 503 U.S. at 335; *United States v. Bayless,* 940 F.2d 300, 304-305 (8th Cir. 1991). Specifically, if the Bureau of Prisons rejects the defendant's argument, he may

file a habeas corpus petition under 28 U.S.C. § 2241 in the judicial district where he is imprisoned. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *Chappel,* 208 F.3d at 1069. The Court is sympathetic to the defendant's position, but it cannot help.

IT IS ORDERED that the defendant's motion (filing 88) is denied without prejudice.

Dated this 1st day of May, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge