IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3088 |
| vs. | ORDER |
| JASON SMITH, | |
| Defendant. | |

    The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on an alleged failure to credit time served toward his sentence. Filing 90. Section 3582(c)(1)(A)(i) permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

    The Court will deny the defendant's motion. The defendant seems to be looking for credit for time he served on pretrial detention for a charge in Ventura County, California between February 17, 2019 and April 29, 2020. Filing 90 at 6; *see also* filing 79 at 12. But he didn't commit the crime for which he was convicted in this Court until June 3, 2022. *See* filing 1. Accordingly, he's not entitled to credit for time served against his current sentence under federal law, which provides credit for time spent in official detention "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed" that hasn't been credited toward another

sentence. 18 U.S.C. § 3585(b). *Cf. Canterbury v. United States*, No. 13-cv-7216, 2014 WL 117097, at *2 (C.D. Cal. Jan. 10, 2014).

Even under the less defined standards of the compassionate release statute, the Court cannot "credit" a defendant's sentence for time spent in custody before he even committed the crime for which he's serving the sentence. *See Marshall v. United States*, No. 06-CR-67, 2010 WL 743791, at *6 (W.D. Tex. Mar. 3, 2010). There's no such thing as a "savings account" for jail time that a defendant can withdraw from at will. If the defendant did extra time because was treated unfairly by the California justice system, that's between him and California, but there's no basis in federal law—and certainly not in § 3582(c)(1)(A) or § 1B1.13—for this Court to credit him for that time.

IT IS ORDERED that the defendant's motion for compassionate release (filing 96) is denied.

Dated this 11th day of December, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge